UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLOYD THOMAS,

Petitioner,

-vs- Case No. 8:05-cv-485-T-17TGW

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.

---

**ORDER**

Floyd Thomas petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. Thomas challenges his conviction and sentence for armed robbery, aggravated battery, and attempted armed robbery entered by the Twelfth Judicial Circuit, Sarasota County, Florida. He is proceeding on his amended petition (hereinafter "Petition"). (Doc. No. 4). Respondent filed a response. (Doc. No. 6). Petitioner did not file a reply to the response.

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Thomas signed his original federal petition on March 10, 2005. The Court ordered him to file an amended petition, which he did, on April 4, 2005. The amended petition raises one ground for relief -- ineffective assistance of counsel -- with six sub-claims.

Timeliness Analysis

Thomas' conviction became final on November 12, 2002, ninety days after the state district court of appeal affirmed his conviction and sentence on August 14, 2002, in Case No. 2D01-3009. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on direct appeal, not from the date the appellate court issues its mandate). Therefore, Thomas had until November 11, 2003 to file his federal petition, absent any collateral applications in state court that would toll the statutory period. *See Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Thomas filed a rule 3.850 motion for postconviction relief on July 23, 2003,

after 252 days had elapsed in the one-year period. The rule 3.850 proceeding was final on October 6, 2004, when the state district court of appeal issued its mandate in Case No. 2D04-1880.

Thomas filed a state petition for writ of habeas corpus on January 7, 2005, which was not final until February 16, 2005. However, the one-year time clock did not stop running when Thomas sought state habeas relief because the state petition for writ of habeas corpus was dismissed as untimely and was therefore not "properly filed" so as to toll the federal statutory period. The state habeas corpus petition does not qualify as a tolling motion under *Artuz v. Bennett*, 531 U.S. 4 (2000), because Thomas' collateral application did not meet Florida's time requirements for bringing a postconviction attack.

Even prior to *Artuz*, the Eleventh Circuit held that a petitioner's state postconviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period. *See Webster v. Moore*, 199 F.3d 1256, 1258 (11th Cir.)(involving Florida's two-year limitations period for rule 3.850 petitions), *cert. denied,* 531 U.S. 991 (2000). *See also, Wade v. Battle*, 379 F.3d 1254, 1260 (11th Cir. 2004)(Georgia prisoner's certificate for probable cause, dismissed by the state court as untimely under Georgia's procedural rules, was not properly filed and did not toll the federal time period). The United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), released its opinion on April 27, 2005, holding that an untimely Pennsylvania post conviction relief act petition does not toll the AEDPA statute of limitations. The *Pace* Court concluded that state time limits, "no matter their form, are 'filing' conditions." Because the Pennsylvania court, like the court in the

instant case, rejected the habeas petition as untimely, it was not "properly filed," and the petitioner was not entitled to statutory tolling under § 2244(d)(2).

Because the untimely state habeas petition did not toll the federal limitation period, there were 155 additional days during which no properly filed collateral application was pending between the issuance of the mandate in the rule 3.850 proceeding on October 6, 2004, and Thomas' filing of the original federal petition on March 10, 2005. Thus, the total period during which there was no tolling application pending was 407 days (252 + 155 = 407), and the petition was filed after expiration of the federal one-year period.

Thomas has not alleged any exceptional circumstances that would entitle him to equitable tolling.

Accordingly, the Court orders:

That Thomas' petition for writ of habeas corpus (Doc. No. 4) is denied. The Clerk is directed to enter judgment against Thomas and to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that “the issues presented were ‘adequate to deserve encouragement to proceed further, ’ " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 5, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Floyd Thomas